J. S. EVERTON, Y. T. EVERTON, C. F. EVERTON, E. T. EVERTON, R. M. EVERTON, MELISSA TWIFORD AND HUSBAND, JOHN W. T. TWIFORD, PETITIONERS, v. LEON RODGERS, DESMOND RODGERS, ERNEST RODGERS, WILLIE RODGERS, TINE RODGERS, B. B. BASNIGHT, AND LEON BASNIGHT, RESPONDENTS.

(Filed 28 February, 1934.)

1. Executors and Administrators D g—

A claim for services rendered a deceased widow may not be set up in a proceeding for sale of land for partition which was owned by the deceased husband of the widow and devised by him to the widow for life and then to the petitioners in fee.

2. Same—Judgment that claim for payment of estate's debt should not attach to funds from partition unless personalty is insufficient is affirmed.

Where in a proceeding for sale of land for partition the judgment provides that the claim of one of the parties for sums paid on indebtedness of the estate should not be paid out of the proceeds of sale unless the personal property of deceased devisor should be insufficient, an exception by petitioners on the ground that there had been no adjudication of the sufficiency of the personal property will not be sustained.

3. Same—Petitioners held not entitled to appeal from judgment allowing party to recover taxes paid out of funds from partition.

Petitioners in a proceeding for sale of land for partition may not object to the allowance of a sum advanced by one of the parties to pay taxes on the property, C. S., 7983, when there is no exception or appeal entered of record by the testator's administrator.

APPEAL by plaintiffs and by B. B. Basnight and L. B. Basnight, defendants, from *Small, J.*, at Fall Term, 1933, of DARE. Affirmed.

The plaintiffs filed a petition for the sale of land for partition. The clerk adjudged that the petitioners (except John W. Twiford) and the respondents (except Tine Rodgers) were tenants in common; that J. S. Everton, Y. T. Everton, C. F. Everton, E. T. Everton, R. M. Everton, and Melissa Twiford were the owners each of an undivided one-twenty-fourth interest; Leonard Rodgers, Desmond Rodgers, Ernest Rodgers, and Willie Rodgers each of an undivided one-sixteenth interest; and B. B. Basnight and Leon Basnight each of an undivided one-fourth interest. The land was sold by commissioners at the price of $7,000, the sale was confirmed, and the deed was executed. The controversy involves the application of the funds.

Claims against the funds were filed by V. S. Rodgers for the children of Rennie Basnight Rodgers and by B. B. Basnight and Leon B. Bas-

night, and were contested. Judge Moore referred the cause and the referee made a report, to which there were exceptions. Judge Small heard the exceptions and rendered judgment, from which the appeal was taken.

*Thompson & Wilson for plaintiffs.*
*Worth & Horner for B. B. Basnight and L. B. Basnight.*

ADAMS, J. On 22 October, W. H. Basnight died leaving a will in which he devised his real property to his wife, Nancy J. Basnight, for the term of her natural life or so long as she remained unmarried, with remainder to devisees named in the will, who are parties to this action. The fund out of which the payment of the contested claims is sought is the proceeds of the land described in the will and sold for partition after the death of life tenant. The title to the land was derived from W. H. Basnight, not from his wife.

B. B. Basnight and the heirs and distributees of Rennie Basnight Rodgers filed claims for services rendered the widow, not the testator, and asked that their claims be paid out of the fund in the hands of the court. We have given due consideration to the argument of the appellants and find no sufficient cause for interfering with the judgment as to these claims.

L. B. Basnight filed a claim composed of several items, all of which were disallowed except $149.32, which he advanced to pay indebtedness against the estate of W. H. Basnight, the testator, and $401.50 which was the aggregate amount of taxes due by the testator and paid by the claimant. C. S., 7983.

The plaintiffs suggest that there has been no judicial determination of the sufficiency of the testator's personal estate, and that they were not called upon to contest the claims which were allowed until the administrator was made a party, which was done during trial.

By the terms of the judgment the sum advanced by L. B. Basnight in payment of indebtedness against the testator's estate is to be paid out of the fund received by the commissioners only in the event that the administrator has not sufficient funds for this purpose; and as to the other position we find no exception and no appeal entered of record by the administrator. Judgment

Affirmed.